# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CRIMINAL MINUTES - GENERAL

| | | |
|---|---|---|
| Case No. | CR 91-777 WDK: United States v. Bogard | Date  March 12, 2008 |

Present: The Honorable   WILLIAM D. KELLER, UNITED STATES DISTRICT JUDGE

Interpreter   N/A

| Steve Chung | Not Present | Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| Larry Donnell Bogard | Not | | Pro se | | Not | | |

Proceedings:   (IN CHAMBERS) Order Denying Motion for Modification of an Imposed Term of Imprisonment

Defendant, Larry Donnell Bogard, has moved for an order modifying his term of imprisonment due to a 2007 amendment to the United States Sentencing Guidelines. Bogard argues that a reduction in sentence is warranted by Amendment 709, which clarifies the way a court determines if sentences for separate crimes are "separate sentences" or a "single sentence" for career offender and criminal history purposes.

Defendant was convicted after a jury trial of possession of PCP with intent to distribute and distribution of PCP. On February 2, 1994, defendant was sentenced on these charges as a career offender to 360 months of incarceration.

The district court may reduce a term of imprisonment for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" where "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." See 18 U.S.C. § 3582(c)(2). If the basis for a motion for reduction of sentence is an amendment that is not listed in section 1B1.10(c) of the Guidelines, "a reduction in the defendant's term of imprisonment is not consistent with this policy statement and thus not authorized under 18 U.S.C. § 3582(c)(2)." U.S.S.G. § 1B1.10(a)(2). Section 1B1.10(c) lists a number of amendments that are intended by the Sentencing Commission to apply retroactively to prisoners already sentenced. Amendment 709, the basis for defendant's motion, is not listed in section 1B1.10(c). See U.S.S.G. § 1B1.10(c). Therefore, a reduction in sentence pursuant to Amendment 709 is not authorized by 18 U.S.C. § 3582(c)(2).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

Even if Amendment 709 were a basis for reduction of defendant's sentence, his motion would be rejected on its merits. Amendment 709 alters U.S.S.G. § 4A1.2(a)(2) to state:

> Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offense contained in the same charging instrument; or (B) the sentences were imposed on the same day. Count any prior sentence covered by (A) or (B) as a single sentence. See also §4A1.1(f).

U.S.S.G. § 4A1.2(a)(2).

The crux of the issue is the treatment of two bank robbery convictions from 1980. A June 1980 bank robbery was prosecuted by the Los Angeles County District Attorney's Office. Defendant was sentenced for this robbery on January 21, 1981. (Gov't Ex. B (Presentence Report) ¶ 75, 77.) An August 1980 bank robbery was prosecuted by the United States Attorney's Office. Defendant was sentenced for this robbery on January 9, 1981. (Gov't Ex. B ¶ 70, 72.) The government and the defendant agree that there was no intervening arrest between the two robberies. (See Def. Mot. at 6; Gov't Opp'n at 7.) As there was no intervening arrest, the offenses were not contained in the same charging instrument, and the sentences were not imposed on the same day, the sentences would be counted as a "single sentence" even under Amendment 709.

Defendant's motion for a reduction in sentence is DENIED.

IT IS SO ORDERED.

|  | 0 | : | 0 |
|---|---|---|---|
|  | Initials of Deputy Clerk |  |  |

cc: